**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello**

Civil Action No. 19-cv-03148-CMA-KMT

KRYSTAL POLIQUIN, and
STRENGTH SENSEI, INC., *a Colorado corporation*,

      Plaintiffs,

v.

STRENGTH SENSEI LEGACY, INC., *a Colorado corporation*,
KNOCKOUT SERVICES, INC., *a Colorado corporation*,
SCOTT MACON,
KARIN MACON-LUETZER, and
CARLOS CASTRO TORRES,

      Defendants.

---

## ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION

---

This matter is before the Court on Plaintiffs Krystal Poliquin and Strength Sensei, Inc.'s Motion for Preliminary Injunction (Doc. # 3), in which Plaintiffs seek to preclude Defendants from continuing to infringe on Plaintiffs' trademarks. (Doc. ## 3, 3-1.)

On February 21, 2020, the Court conducted a six hour and forty-six-minute hearing on Plaintiffs' Motion. *See* (Doc. # 45). The Court, after considering the Motion and evidence presented at the hearing, is of the opinion that the Motion should be GRANTED based on the findings of fact and conclusions of law that the Court read into the record at the hearing. *See* (*id*.).

Accordingly, the Court ORDERS as follows:

For this Preliminary Injunction, the following definitions shall apply:

A.      "Asset" or "Assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, including, but not limited to, "goods," "instruments," "equipment," "fixtures," "general intangibles," "inventory," "checks," or "notes" (as these terms are defined in the Uniform Commercial Code), lines of credit, chattels, leaseholds, contracts, mail or other deliveries, shares of stock, lists of consumer names, accounts, credits, premises, receivables, funds, and all cash, wherever located.

B.      "Defendant" means Strength Sensei Legacy Corp., their successors and assigns, as well as any subsidiaries, and any fictitious business entities or business names created or used by these entities or any of them.

C.      "Person" means a natural person, an organization or other legal entity, including a corporation, partnership, sole proprietorship, limited liability company, association, cooperative, or any other group or combination acting as an entity.

D.      "Plaintiff" means Krystal Poliquin and/or Strength Sensei, Inc.

Defendants Scott Macon, Karin Macon-Luetzer, and Carlos Castro Torres, Defendant Knockout Services, Inc., and Defendant Strength Sensei Legacy Corp. and its officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with Strength Sensei Legacy Corp., are enjoined and restrained from:

1.      Using or referring to "Strength Sensei" or "Strength Sensei Legacy" in any manner related to:

a. the promotion, marketing, production, sale, or offering for sale or lease of any presentations, classes, seminars, or the like in any format, including in-person, live-video or audio, distributed video or audio, or other means;

b. the promotion, marketing, production, sale, or offering for sale of any supplements, vitamins, additives, or the like, including, but not limited to, those historically offered for sale or purchase on or by a link on the strengthsensei.com domain name, Strength Sensei affiliates, and/or Strength Sensei social media accounts;

c. the promotion, marketing, production, sale, or offering for sale or lease any product or service relating to health, fitness, nutrition, body strengthening, body conditioning, physical training, weight training, and the like, including material offered "for free" online;

d. the promotion, marketing, production, or hosting of any video, audio, or written content including tweets, posts, articles, blogs, ebooks, and podcasts;

e. establishing or maintaining social media accounts;

f. establishing or maintaining websites, domains, or online platforms; and

g. establishing or maintaining financial accounts.

2. Using the Strength Sensei logo (depicted below)



in any format or color combination in the promotion, marketing, production, sale, or offering for sale or lease any product or service, including t-shirts, sweatshirts, gym bags, water bottles, and the like;

3.      Using the Strength Sensei logo (depicted below)



in any manner related to:

      a.   the promotion, marketing, production, sale, or offering for sale or lease of any presentations, classes, seminars, or the like in any format, including in-person, live-video or audio, distributed video or audio, or other means;

      b.  the promotion, marketing, production, sale, or offering for sale of any supplements, vitamins, additives, or the like, including, but not limited to, those historically offered for sale or purchase on or by a link on the strengthsensei.com domain name, Strength Sensei affiliates, and/or Strength Sensei social media accounts;

      c.  the promotion, marketing, production, sale, or offering for sale or lease any product or service relating to health, fitness, nutrition, body strengthening, body conditioning, physical training, weight training, and the like, including material offered "for free" online;

      d.  the promotion, marketing, production, or hosting of any video, audio, or written content including tweets, posts, articles, blogs, ebooks, and podcasts;

      e.  establishing or maintaining social media accounts;

      f.  establishing or maintaining websites, domains, or online platforms; and

      g.  establishing or maintaining financial accounts.

4.      Using, profiting from, or engaging in any activity related to the use of the name or likeness of Charles Poliquin, including, but not limited to, images, depictions, photographs, videos, audio files, and the like. This includes referring to "Charles," "Charles Poliquin," "Charles R. Poliquin," and any variation of the same.

5.      Knowingly communicating with any customers or clients of Strength Sensei, Inc., or Charles Poliquin by any means, including in-person or via telephone, e-mail, social media account, website, fax, and physical mailing.

6.      Selling, renting, leasing, transferring or otherwise disclosing the name, address, telephone number, credit card number, bank account number, e-mail address, or other identifying information of any Person who paid money to Strength Sensei, Inc., or who were contacted or are on a list to be contacted by the same, PROVIDED, however, that the Defendants may disclose such identifying information to a law enforcement agency or as required by any law, regulation, or court order.

7.      Benefitting from or using the name, address, birth date, telephone number, e-mail address, Social Security number, Social Insurance number, credit card number, bank account number, or other financial or identifying personal information of any Person from whom or about whom any Defendant obtained such information in connection with any activity that pertains to Strength Sensei, Inc.

8.      Transferring, liquidating, converting, encumbering, pledging, loaning, selling, concealing, dissipating, disbursing, assigning, relinquishing, spending, withdrawing, granting a lien or security interest or other interest in, or otherwise disposing or causing waste of any funds, real or personal property, accounts, contracts, shares of stock, lists of consumer names, or other assets, or any interest therein, wherever located, including outside the United States, that are owned, controlled or held, in whole or in part, by Strength Sensei, Inc. or Strength Sensei Legacy Corp., or are held for the direct or indirect benefit of the same.

9.      Pursuant to Federal Rule of Civil Procedure 65(c), Plaintiffs will post a bond in the amount of $20,000.00 for the reasons read into the record at the hearing. *See* (Doc. # 45).

10.     Plaintiffs' Motion for Preliminary Injunction (Doc. # 3) is GRANTED.

DATED: February 21, 2020

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge