IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 19–cv–03148–CMA–KMT


KRYSTAL POLIQUIN, and
STRENGTH SENSEI, INC., a Colorado corporation,

      Plaintiffs,

v.

STRENGTH SENSEI LEGACY, INC, a Colorado corporation,
KNOCKOUT SERVICES, INC, a Colorado corporation,
SCOTT MACON,
KARIN MACON-LUETZER, and
CARLOS CASTRO TORRES,

      Defendants.

STRENGTH SENSEI LEGACY, INC., a Colorado corporation,
KNOCKOUT SERVICES, INC, a Colorado corporation,
SCOTT MACON, and
KARIN MACON-LUETZER,

      Counterclaimants,

v.

STRENGTH SENSEI, INC., a Colorado corporation,

      Counter-Defendant.

STRENGTH SENSEI LEGACY, INC., a Colorado corporation,
KNOCKOUT SERVICES, INC, a Colorado corporation,
SCOTT MACON, and
KARIN MACON-LUETZER,

      Third-Party Plaintiffs,

v.

KRIS FISER,

      Third-Party Defendant.

---

# ORDER

---

      This matter is before the court on two competing Motions: (1) "Defendants/Counterclaim Plaintiffs' Motion For Leave to Conduct Two Depositions by Remote Means On April 21, 2021 and Request For Expedited Briefing," filed on April 15, 2021; and (2) "Plaintiffs'/Counterclaim-Defendants' Motion For Protective Order Under Rule 26(c) and Request For Expedited Briefing," filed on April 19, 2021.  [("Defendants' Motion"), Doc. No. 117; ("Plaintiffs' Motion"), Doc. No. 121.]  Each side has responded in opposition to the other's Motion. [("Plaintiffs' Response"), Doc. No. 120; ("Defendants' Response"), Doc. No. 124.]  No reply was permitted by the court as to either Motion.  [Doc. Nos. 119, 123.]

## I. *Background*

      The present Motions involve two noticed depositions, both of which are to be taken on April 21, 2021.  The first deposition is that of Vinkomorf Consultants, a company owned and controlled by Patrick Gagnon, who Defendants/Counterclaim Plaintiffs allege owns the Strength Sensei social media accounts.  [Defs.' Mot. 3; Pls.' Mot. 2-3.]  The second deposition is that of Carlos Castro,[1] the purported owner of Defendant/Counterclaim Plaintiff Strength Sensei

---

[1] Carlos Castro, also referred to as Carlos Castro Torres, is an unserved Defendant in this litigation.

Legacy, Inc. ["Legacy"],[2] and the purported sole owner of Metabolic Analytics.  [Defs.' Mot. 3-5; Pls.' Mot. 2.]  Both deponents have consented to have their respective depositions taken remotely on April 21, 2021.  [Defs.' Mot. 3.]

The April 21, 2021 deposition date had been held on the calendars of the parties' counsel, for the purpose of taking Mr. Gagnon's deposition, since the parties' discovery list was created on January 14, 2021.  [Defs.' Mot. 3.]  As late as March 30, 2021, Plaintiffs' counsel confirmed with opposing counsel that Plaintiffs/Counterclaim Defendants intended to take Mr. Gagnon's deposition on April 21, 2021, as agreed by the parties.  [*Id.*]  On April 6, 2021, concluding that the deposition of Mr. Gagnon/Vinkomorf Consultants would take only "1.5 hours," counsel for Defendants/Counterclaim Plaintiffs proposed that a deposition of unserved Defendant Carlos Castro be scheduled for that same day, since all counsel had been holding the April 21, 2021 date for depositions in the case.  [*Id.* at 4.]  Plaintiffs/Counterclaim Defendants neither agreed to a deposition of Mr. Castro, nor did they agree to the date and time proposed.  [*Id.*]

Because the time for issuing any notice of deposition and subpoenas was running out for the April 21st date, and desiring to depose Vinkomorf Consultants itself, Defendants/Counterclaim Plaintiffs, on April 7, 2021, took the initiative and noticed the Gagnon/Vinkomorf deposition for the date already mutually reserved and scheduled.  [*Id.*] When Plaintiffs/Counterclaim Defendants objected to both depositions, Defendants/Counterclaim Plaintiffs' present Motion followed.  [Defs.' Mot. 1-2.] Plaintiffs/Counterclaim Defendants promptly countered with the competing present Motion,

---

[2] On April 5, 2021, the deposition of Legacy was taken through its Rule 30(b)(6) representative, Scott Macon.  [Defs.' Mot. 4.]

pursuant to Federal Rule of Civil Procedure 26(c), to stop the depositions from moving forward.[3] [Pls.' Mot. 1-2.]  The filing of that second Motion triggered Local Rule 30.2(a), which provides as follows: "Pending resolution of a motion or request for relief under Fed. R. Civ. P. 26(c) or 30(d), the discovery to which the motion or request is directed shall be stayed unless otherwise ordered."  D.C.COLO.LCivR 30.2(a).  This Order countermands the automatic stay.

### II.  Analysis

In spite of the agreement made three months previous governing the date and manner for the deposition of Mr. Gagnon/Vinkomorf Consultants, and in spite of having taken foreign depositions remotely in this very case, including one in Canada, now on the literal eve of the deposition, the court is confronted with shenanigans of counsel attempting to block what had been their own litigation decisions and agreements on the pretext argument of confusion over the language of Federal Rule of Civil Procedure 28(b)(1).  The Rule provides that a deposition "may be taken in a foreign country" in one of four circumstances: "(A) under an applicable treaty or convention; (B) under a letter of request, whether or not captioned a 'letter rogatory;' (C) on notice, *before a person* authorized to administer oaths either by federal law or by the law in the place of examination; or (D) before a person commissioned by the court to administer any necessary oath and take testimony."  Fed. R. Civ. P. 28(b)(1) (emphasis added).

This case was filed on November 5, 2019.  [Doc. No. 1.]  A Preliminary Injunction Hearing was held on February 21, 2020.  [*See* Minutes, Doc. No. 45.]  In March 2020, the court began issuing a series of General Orders to deal with the spread of the COVID-19 coronavirus

---

[3] Rule 26(c) provides, in relevant part, that "[t]he court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]"  Fed. R. Civ. P. 26(c)(1).

outbreak.[4]  This case was affected almost immediately when a scheduling conference was vacated due to restrictions on in-person appearances in court.  [Doc. No. 55.]

Since that time, over the past year, the world has undergone a dramatic transformation. Companies, both large and small, have had to learn to conduct their businesses without offices and without employees who gather in person, and who are not subject to physical oversight. Travel has been, and in many areas still is, restricted or non-existent.  Loved ones and families were not allowed to gather and could only communicate with one another through platforms such as Zoom or Facetime.  As a result of this need to continue operations – and indeed life itself as the world knew it – while quarantine and isolation remained both legally and morally imperative, the technology for conducting a myriad of hearings, meetings, and training has evolved and advanced by astounding leaps and bounds.  The world of virtual appearances looks very different today from the now-antiquated technology of the past.

It is against this background that the court must view rules for litigation practice today. In the past, Rule 28 was a rather rare topic of litigation conversation.  The body of law that had developed up to that time held that Rule 28(b) required that the deponent and the person administering the oath during sworn testimony be in the same location, because otherwise, "[i]f the witness and the person administering the oath are not in the same location and are communicating only by telephone, it would be impossible for the witness's identity and reliability to be verified prior to the deposition."  *Phye v. Thill*, No. 06-1309-MLB, 2007 WL 2681106, at *1-2 (D. Kan. Sept. 7, 2007); *see also Menovcik v. BASF Corp.*, No. 09-12096, 2010

---

[4] *See* General Orders 2020-3, 2020-6, 2020-8, 2020-10, 2020-11, 2020-14, 2020-15, 2020-16, 2020-18, 2020-19, 2020-21, 2021-2, 2021-3, and 2021-5.

WL 4867408, at *5 (E.D. Mich. Nov. 23, 2010) (stating that the word "before" in Rule 28(b) "requires that the witness and the person who administers the oath be in the same place").

Obviously, the concerns expressed by the court in *Phye* and other pre-COVID-19 cases, are simply no longer correct or appropriate in today's circumstances. Therefore, the court finds that pre-COVID-19 case law dealing with access to legal process through virtual or remote means is simply too antiquated to be relevant to block legitimate discovery in the world as it is today. COVID-19 is still a fact of life, as currently, less than a quarter of the United States population is fully vaccinated, and over half a million American citizens are dead.

In *In re Broiler Chicken Antitrust Litigation*, No. 1:16-cv-08637, 2020 WL 3469166, (N.D. Ill. June 25, 2020), it was noted that "[c]ourts are beginning to recognize that a 'new normal' has taken hold throughout the country in the wake of the COVID-19 pandemic that may necessitate the taking of remote depositions unless litigation is going to come to an indefinite halt." *Id.* at *5. The *Broiler Chicken* court also correctly observed that "[t]he more recent court decisions build on pre-pandemic case law that liberally allowed for and encouraged remote depositions as the technology for taking depositions in that way has improved significantly over time." *Id.* at *6.

This court agrees with *Broiler Chicken* and other cases, ruling now that "a deposition will be deemed to have been conducted 'before' an officer so long as that officer attends the deposition via the same remote means (*e.g.,* telephone conference call or video conference) used to connect all remote participants, and so long as all participants (including the officer) can clearly hear and be heard by all other participants." *Sinceno v. Riverside Church in City of N.Y.*, No. 18-cv-2156 (LJL), 2020 WL 1302053, at *1 (S.D.N.Y. Mar. 18, 2020). This is even more

important given that air travel is restricted to and from many foreign countries, and the close confines of an airplane, even with masks, is simply not safe for non-vaccinated persons. *See Grupo Petrotemex, S.A. de C.V. v. Polymetrix AG*, 2020 WL 4218804, at *2 (D. Minn. July 23, 2020) (stating that "even with the protection of masks and social distancing, an in-person deposition generally requires the participants to sit in a shared, enclosed space, for prolonged periods of time," and observing that "social distancing does not guarantee a safe deposition environment").

Therefore, having resolved the issue regarding the oath to be given to deponents in foreign locations, **Defendants/Counterclaim Plaintiffs' Motion [Doc. No. 117]** is **GRANTED** as to the deposition of Vinkomorf Consultants, and the deposition will proceed as scheduled via remote platform unless both parties agree to an alternate date.

This finding, however, while applicable to the proposed remote deposition of Mr. Castro, does not resolve the many other issues raised by Plaintiff/Counterclaim Defendants as to his noticed deposition on April 21, 2021, including whether Mr. Castro should be allowed to place his testimony of record in the case, while at the same time evading service of process, refusing to provide a legal address or contact information to allow service, and permitting his company to appear as a Counterclaim Plaintiff, even as he ducks service as a Defendant. [Pls.' Resp. 8-10.] In addition, Plaintiffs/Counterclaim Defendants argue that Mr. Castro's deposition would be duplicative of the deposition of his company, Legacy. [Pls.' Mot. 10-12.] Plaintiffs/Counterclaim Defendants likewise argue that, since Mr. Castro's deposition was not originally scheduled for April 21, 2021, there was a lack of meaningful conferral about taking his deposition. [*Id.* at 6.] Finally, Plaintiffs/Counterclaim Defendants believe that the respective

depositions of Mr. Gagnon and Mr. Castro will each require a full day, and therefore, cannot be held on the same date.  [*Id.* at 7.]

Accordingly, it is

**ORDERED** that "Defendants/Counterclaim Plaintiffs' Motion For Leave to Conduct Two Depositions by Remote Means On April 21, 2021 and Request For Expedited Briefing" [Doc. No. 117] is **GRANTED, in part,** as to the deposition of Vinkomorf Consultants, and **HELD IN ABEYANCE, in part,** as to the deposition of Carlos Castro Torres.  A reply brief to Doc. No. 117 may be filed by Defendants/Counterclaim Plaintiffs, on or before **May 30, 2021**. It is further

**ORDERED** that "Plaintiffs'/Counterclaim-Defendants' Motion For Protective Order Under Rule 26(c) and Request For Expedited Briefing" [Doc. No. 121] is **GRANTED, in part,** and **DENIED, in part,** as follows:

1.  The Motion is **DENIED** as to the deposition of Vinkomorf Consultants, which shall go forward as noticed, on April 21, 2021, unless rescheduled by agreement of all parties.

2.  The Motion is **GRANTED** as to the deposition of Carlos Castro Torres.  The deposition of Mr. Castro is **STAYED** pending further rulings by the court.

Dated April 20, 2021.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge